FILED
MAY 14 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
THOMAS E. HARRIS,            )
                             )
        Plaintiff,           )
                             )
    v.                       )    Civil Action No.  10 0785
                             )
EFFORTS, et al.,             )
                             )
        Defendants.          )
                             )

## MEMORANDUM OPINION

This matter is before the Court for consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application and dismiss the complaint.

It appears that plaintiff recently was transferred from a halfway house to the D.C. Jail, and, as a result, was prevented from taking legal papers with him and lost an opportunity to participate in a job training program. The Court construes the complaint as one under 42 U.S.C. § 1983 for violations of the First Amendment and the Fifth Amendment to the United States Constitution.

In order to state a claim for denial of access to the courts, a plaintiff must show that he was hindered in pursuing a cognizable legal claim. *See Bush v. Butler*, 521 F. Supp. 2d 63, 70 (D.D.C. 2007) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Although plaintiff indicates that there were two cases pending in this Court during the relevant time period, he does not

allege that he "actually lost ... [an] otherwise valid legal claim [or] that he is unable to raise such a claim in any other proceeding." *Ali v. District of Columbia*, 278 F.3d 1, 8 (D.C. Cir. 2002). His First Amendment claim, therefore, will be dismissed.

Insofar as plaintiff asserts a due process claim with respect to a halfway house placement or job training program, the claim fails. *See, e.g., Crosby Bey v. Zoley*, No. 09-0284, 2009 WL 350596, at *1 (D.D.C. Feb. 12, 2009) (holding that the prisoner plaintiff had "no constitutionally-protected liberty interest in . . . placement in a halfway house"); *Johnson v. United States*, 590 F. Supp. 2d 101, 109 (D.D.C. 2008) (concluding that plaintiff had "no constitutionally protected right to a halfway house placement or home detention arrangement" upon his release on parole); *Forrester v. Fed. Bureau of Prisons*, No. 06-1954, 2007 WL 2616916, at *2 (D.D.C. Sept.12, 2007) ("[P]risoners do not have a due process right to participate in vocational and educational programs, let alone one of their choosing.") (citations omitted); *Williams v. Moore*, 899 F. Supp. 711, 714 (D.D.C. 1995) (concluding that the District of Columbia had not created a liberty interest in a work furlough program). Plaintiff's Fifth Amendment claim also will be dismissed.

The Court will dismiss this action for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b). An Order accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: 6/7/10